IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALICE MAE PERRYMAN,              :
                                 :
    Plaintiff,                   :
                                 :
v.                               :    CIVIL ACTION 07-0715-M
                                 :
MICHAEL J. ASTRUE,               :
Commissioner of                  :
Social Security,                 :
                                 :
    Defendant.                   :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits (Docs. 1, 14). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 19). Oral argument was waived in this action.[1] Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-

---

[1]The Parties' Joint Motion for Waiver of Oral Argument (Doc. 21) is **GRANTED**.

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was fifty years old, had completed a ninth-grade education (Tr. 475), and had previous work experience as a home health aide (Tr. 475). In claiming benefits, Plaintiff alleges disability due to degenerative disc disease of the cervical spine, shoulder pain status post rotator cuff tear, patella femoral arthritis causing bilateral knee pain, anxiety, and chronic, recurrent low back pain at L5-S1 (Doc. 14).

The Plaintiff filed a protective application for disability benefits on March 23, 2004 (Tr. 50-53). An Administrative Law Judge (ALJ) held an evidentiary hearing and determined that Perryman was disabled on November 12, 2002, but that her disability ended on November 24, 2004 as her condition had improved and, although she could not perform her past relevant work, she was able to perform specified light, unskilled work after that date (Tr. 20-34). Plaintiff requested review of the

hearing decision (Tr. 18-19) by the Appeals Council, but it was denied (Tr. 6-8).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Perryman alleges that the ALJ improperly found that her medical condition had improved, as of November 24, 2004, to the point that she was no longer disabled (Doc. 14).  Defendant has responded to—and denies—this claim (Doc. 16).  The medical evidence of record follows.

Plaintiff was examined on November 24, 2004[2] by Dr. Ronald Moon, who had been seeing Perryman since January of that year; Moon is a doctor of osteopathy and the medical director of The Industrial Athlete (Tr. 256-59).  He first reviewed and summarized Plaintiff's medical records from other physicians for the two previous years.  On examination, Moon found Plaintiff, neurologically, "to be intact with respect to sensory, motor and reflexes" (Tr. 257).  Perryman demonstrated normal gait and posture without pain; her range of motion (hereinafter *ROM*) in the spine was functional at all levels.  Plaintiff had functional motion of all joints bilaterally in the upper and lower extremities except for a slight decrease of motion in the right

---

[2] Though there is medical evidence in the record which pre-dates November 24, 2004 (Tr. 102-225, 260-368), the Court will not summarize that information herein as Plaintiff's claim relates to the evidence which comes from that date forward.

shoulder; there was minimal muscle tenderness in the shoulder. She had negative straight leg raising in both the seated and supine positions.  Dr. Moon noted "evidence of inconsistency, submaximal effort and/or exaggerated pain behavior" (Tr. 258). The doctor's impression was chronic/recurrent pain in the low back, neck, right knee, and right shoulder; he indicated that "[p]sychosocial issues were . . . affecting [her] physiologic condition" (Tr. 258).  Dr. Moon noted that Plaintiff had been put on a Functional Restoration and Myofascial Pain Program which included physical therapy sessions; he noted further that she had been only minimally compliant with the treatment recommendations. Dr. Moon stated that her condition would not be exacerbated by the activities of daily living or work.

On December 15, 2004, Dr. Moon examined Perryman and noted that her condition was, essentially, unchanged; he wrote prescriptions for Lortab,[3] Skelaxin,[4] and Celebrex[5] (Tr. 252-55). A month later, Plaintiff was noted to be in no acute pain with

---

[3]*Lortab* is a semisynthetic narcotic analgesic used for "the relief of moderate to moderately severe pain."  *Physician's Desk Reference* 2926-27 (52nd ed. 1998).

[4]*Skelaxin* is used "as an adjunct to rest, physical therapy, and other measures for the relief of discomforts associated with acute, painful musculoskeletal conditions."  *Physician's Desk Reference* 830 (52nd ed. 1998).

[5]*Celebrex* is used to relieve the signs and symptoms of osteoarthritis, rheumatoid arthritis in adults, and for the management of acute pain in adults.  *Physician's Desk Reference* 2585-89 (58th ed. 2004).

4

full ROM and normal muscle strength and tone; she was given a trigger point injection in her knee (Tr. 244-51).  Examinations on February 8 and March 8, 2005 revealed no substantive changes (Tr. 226-43).

On November 15, 2005, Dr. William A. Crotwell, III performed a consultative orthopedic examination in which he found that Perryman could toe and heel walk normally (Tr. 383-86).  In the lower extremities, her forward flexion was 60 while her extension was 50 without tenderness or spasm; sensory was normal while motor skills were 5/5.  Crotwell noted that Plaintiff had increased pain with plantar flexion and with dorsi flexion, which was inconsistent.  In the upper extremities, Perryman had forward flexion of 90, extension of 80, and lateral motion on the right and left at 60; sensory was essentially normal while motor was 5/5.  Her grip strength was normal.  The doctor noted some mild crepitus in the knees.  X-rays showed some degenerative changes in the cervical spine, though the lumbar spine was normal; x-rays demonstrated mild varus deformity in both knees.  The Orthopedic's impression was cervical degenerative disk disease with no obvious radiculopathy, lumbar strain, and mild patellofemoral arthritis in both knees.  Dr. Crotwell's recommendation was as follows:  "I think this patient could carry out light, could definitely carry out sedentary.  I find very little orthopaedic problem with this patient that could be

treated conservatively" (Tr. 385).  Dr. Crotwell also completed a physical capacities form in which he indicated that it was his opinion that Perryman was capable of sitting, standing, and walking, each, for one hour at a time and capable of sitting eight, standing six, and walking four hours out of an eight-hour day; he also found Plaintiff capable of lifting up to ten pounds continuously, twenty-five pounds frequently, and fifty pounds on an occasional basis while capable of carrying up to five pounds continuously, twenty pounds frequently, and twenty-five pounds occasionally (Tr. 386).  The Orthopedist indicated that Perryman would have no problems with simple grasping, pushing and pulling of arm and/or leg controls, and fine manipulation; he stated that Plaintiff could bend, squat, crawl, and climb on an occasional basis and could reach on a frequent basis.  Crotwell thought that Plaintiff was totally limited from working at unprotected heights, moderately limited in being around moving machinery, and mildly limited in driving automotive equipment.  She had no restrictions with regard to being exposed to marked changes in temperature and humidity and/or exposure to dust, fumes, and gases.  The doctor noted that he had considered the medical evidence provided to him by the Social Security Administration in reaching his decision.

Medical records from Dr. Christopher T. Nichols indicate that he saw Perryman from April 19, 2005 through January 10, 2006

and had access to Dr. Moon's medical records for his review (Tr. 387-98).  In his first examination, Nichols noted no restriction in her cervical ROM.  There was some tenderness in the right trapezius and pain with full abduction, though there was none in either internal or external rotation and shoulder ROM on the right was full; there was full ROM in the left shoulder without pain or impingement.  Lumbar ROM was mildly restricted with minimal tenderness in the L5-S1 paraspinals.  Plaintiff had full ROM in the hip and knee; he found no varus instability in the right knee.  Nichols noted that straight leg raising was without radicular component of pain; there was no weakness in the lower extremities.  The doctor's impression was rotator cuff repair with continued myofascial pain in the shoulder as well as knee strain or arthritis; he indicated that he would continue Perryman on the Lortab and Skelaxin but would substitute Relafen[6] for the Celebrex.  On May 3, Dr. Nichols noted no changes (Tr. 392).  On July 26, the doctor noted that Plaintiff had had a normal MRI of the knee, though there was degenerative spurring in the neck which would account for her chronic pain (Tr. 391).  A bone density test indicated that Perryman was osteopenic, but not osteoporotic; she told the doctor that the TENS unit helped with pain.  On exam, there was restricted ROM cervically but there

---

[6]*Relafen* "is indicated for acute and chronic treatment of signs and symptoms of osteoarthritis and rheumatoid arthritis."  *Physician's Desk Reference* 2859 (52nd ed. 1998).

were no motor or sensory deficits and it was not radicular. Nichols indicated that he had refilled her medications and that he did not know what else to do for her; she did not look good and had a lot of "illness behavior" (Tr. 390).  Nichols stated that it did not "bode well that she is out of work" (Tr. 390). On October 11, 2005, Plaintiff indicated that she was doing poorly; he found "right restricted ROM in the right lateral neck and shoulder" as well as tenderness in the trapezius, rhomboids and scalene (Tr. 390).  He wrote her a prescription for another TENS unit as her first one had been taken away from her.  On January 10, 2006, Dr. Nichols found right knee pain with ROM and some right shoulder tenderness and pain; Plaintiff's neck was tender with all ROM though there were no radicular symptoms (Tr. 388).

   Medical records from Elizabeth Bataglia, who had been seeing Plaintiff since August 2002, indicate that she examined Plaintiff on seven occasions, following November 24, 2004, for various routine medical ailments (Tr. 399-415).

   The ALJ summarized the medical evidence of record and determined that Perryman was disabled for a period of time between November 12, 2002 and November 24, 2004, but that following November 24, 2004, she had shown medical improvement to such an extent that she became capable of performing specific light jobs as described by a vocational expert who testified at

the hearing (Tr. 20-34; *see also* Tr. 488-90).[7]  In reaching his decision, the ALJ specifically gave evidentiary weight to Drs. Nichols, Moon, and Crotwell (Tr. 33).  The ALJ rejected Plaintiff's "statements concerning the intensity, duration, and limiting side effects of these symptoms" as not entirely credible," a finding not challenged by Perryman in this action.

The Court has reviewed all of the evidence of record[8] and finds substantial support for the ALJ's conclusions.  Drs. Moon and Crotwell clearly state that Plaintiff was capable of going back to work; Dr. Nichols indicated as much in saying that it did not "bode well that she is out of work" (Tr. 390).  Plaintiff's claim otherwise is without merit.

Plaintiff has raised a single claim in bringing this action.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see*

---

[7]The Court notes that Plaintiff has not challenged the ALJ's questioning of the vocational expert or the resulting testimony.

[8]The Court notes that the ALJ did not have the opportunity to review some of the evidence as it was presented to the Appeals Council following the ALJ's decision (*see* Tr. 417-56, 458-468, 470-71).  The Appeals Council reviewed it, however, and found no basis for changing the ALJ's decision (Tr. 6-8).  Perryman has not challenged this decision in this action.
   The Court finds, however, after a cursory review of the evidence submitted to the Appeals Council, that there is not "a reasonable possibility that it would [have] change[d] the administrative result." *See Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

*Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 29th day of April, 2008.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE